BRADLEY, Judge.
This is an appeal from an order of the Circuit Court of Montgomery County invalidating parts of Order R-14 and Regulation 110-4 and all of Order R-17 and Regulation 110-15 of the Alabama Dairy Commission (ADC), often referred to as the “buttermilk regulations,” on the ground that they were violative of the due process clauses of the United States and Alabama Constitutions. We affirm.
The orders and regulations invalidated by the trial court required those milk distributors who manufactured buttermilk by using milk powder rather than fluid milk to pay to the producer the difference between the cost of the milk powder and the equivalent portion of the producer’s surplus milk at the Class I price. Milk producers are paid a Class I price for that portion of their milk sold for consumption as fluid milk. A lower *99 Class II price is paid for milk that is used for other purposes, such as in the making of cheese, sour cream, cottage cheese, yogurt, etc.
The appellees-distributors contend here that the orders and regulations in question deprive them of their property without due process of law by requiring them to make compensatory payments to the milk producers for surplus milk they never actually use in making buttermilk, and they say that the requirements of these orders and regulations are no different than what was required of them by Order 2-76, which was held unconstitutional in Delview Meadow Gold v. Alabama Dairy Commission, Ala., 383 So.2d 511 (1979), cert. denied,-U.S. -, 101 S.Ct. 385, 66 L.Ed.2d 237 (1980).
Order 2-76, adopted by the ADC in 1976, required milk distributors who received surplus milk (Class II milk) from the farmer-producer and who also made and distributed buttermilk made from milk powder to pay to the producers the Class I price for an equivalent portion of such surplus milk just as though the distributor had used the surplus milk rather than the milk powder.
The trial court said that the ADC orders and regulations involved here, i.e. Orders R-14 and R-17 and Regulations 110-4 and 110-15, require, as did Order 2-76, compensatory payments to be made to the producers by those distributors who use milk powder rather than fluid milk in the manufacture of buttermilk. The court then held on the authority of Delview that the orders and regulations in question were violative of the due process clauses of the United States and Alabama Constitutions.
In Delview the supreme court said:
A state may not act to deprive any person of his property without due process of law. U.S.Const. amend. XIV; Ala. Const, art. 1 § 6. ADC Order 2-76, however, deprives distributors of their property, money, in a manner that is arbitrary and unreasonable. The distributors’ money is taken by the ADC to be paid to producers for milk presently or subsequently received but never used in making the buttermilk. Although the money taken is designed as “compensatory payments” such payments are effectively a tax or penalty for the benefit of the producers on the distributors for their use of milk powder. Other courts have recognized that payments labeled compensatory may be more accurately described as penalties on milk distributors. See, Kass v. Brannan, 196 F.2d 791 (2d Cir. 1951). The ADC by this penalty arbitrarily and unreasonably discriminates against a legitimate production process.
In Appeal of Arcadia Dairy Farms, Inc., 289 N.C. 456, 223 S.E.2d 323 (1976), the Supreme Court of North Carolina in considering the North Carolina Milk Commission’s amendment to Milk Marketing Order No. 2, requiring distributors reconstituting milk for Class I sales to pay to producers selling milk to other distributors in the market area an amount equal to the difference between the Class I and normal Class II prices, stated:
“To interpret GS 106-266.8 [the amendment] as conferring upon the Commission power to require a distributor of ‘reconstituted’ milk to make such payments for the benefit of producers, with whom it has no dealings, would also give rise to serious doubt as to whether such exaction would be a violation of Article I, § 19, of the Constitution of North Carolina, which provides, ‘No person shall be * * * in any manner deprived of his * * * property, but by the law of the land.’ ”
The ADC lacked authority under Title 22, § 223(1), Code of Alabama (Recomp. 1958) (as amended) to promulgate an order that in effect requires distributors to pay the premium Class I price for milk not used in a premium product. See Code 1975, §§ 2-13-50 and 51. The distributors will have to pay the Class I price for milk whenever they make buttermilk from milk powder irrespective of whether they do so for greater profit, convenience, because no fresh milk is available, or only sporadically. The milk that they are required to purchase for premium prices, even though it is not *100 used in making buttermilk, is actually milk which is produced in excess of what is needed for fluid milk consumption and thus should come under the lower minimum price, Class II price. Whether the ADC computes the amount of milk for which the distributors pay the Class I price, the fluid milk price, on the basis of any one of the three methods allowed by the statute, Order 2-76 is still arbitrary and unreasonable and thus violates the due process provisions of the Constitution of the United States and the Constitution of Alabama 1901.
In the case at bar, the distributors are required by the orders and regulations in question to pay the Class I price for surplus milk whenever they make buttermilk from milk powder; thus the distributor is required to pay the premium Class I price for milk not used in a premium product. Such a requirement is unreasonable and arbitrary and thereby violates the due process provisions of the Constitution of the United States and the Constitution of Alabama 1901.
Appellants also contend that the trial court erred in failing to require appellees to make their compensatory buttermilk payments into a court-approved escrow fund or to post a supersedeas bond pending a final determination of the validity of the orders and regulations in question.
Section 2-13-63, Code 1975, provides in part as follows:
The court shall have the power to suspend or stay execution of the ruling, order, regulation or other action in question pending final hearing only upon execution of a bond payable to the commission in such amount as the court deems reasonably sufficient to compensate the commission for any loss or penalty which might be occasioned by such stay or suspension.
This Code section permits but does not require the circuit court to suspend the operation of the order or regulation prior to a final determination as to its validity. It merely authorizes the court to suspend the effectiveness of the order or regulation provided the party attacking its validity executes a bond payable to the ADC.
In the case at bar the trial court did not suspend the effectiveness of the orders and regulations in question, nor did it require that all monies due the producers by virtue of the orders and regulations in question be paid into an escrow fund until such time as the litigation was finally determined, and we have not been convinced that such failure has injuriously affected the rights of the appellants. Rule 45, ARAP. Our conclusion is fortified, we believe, by the trial court’s finding that the orders and regulations in question are unconstitutional and also by the supreme court’s conclusion that Order 2-76, the immediate predecessor of the orders and regulations in question, was unconstitutional.
Finding no error in the order of the trial court, its judgment is affirmed.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.